UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JULIO NIEVES,

                                          Plaintiff,          **COMPLAINT AND
                                                              JURY DEMAND**

-against-

CORRECTION OFFICER B. JOSEPH; CORRECTION
OFFICER M. WALKER (Shield #1355); CORRECTION
OFFICERS JOHN DOE ##1-2; CORRECTION OFFICER
JANE DOE,

                                          Defendants.

------------------------------------------------------------------------ x


        Plaintiff Julio Nieves, by his attorneys Stoll, Glickman & Bellina, LLP, for his Complaint

alleges as follows:

### PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff seeks relief for the violation of his rights

under the Fourth, Eighth and Fourteenth Amendments secured by 42 U.S.C. § 1983.

2.      The claim arises from a June 14, 2015 incident in which correction officers of the New

York State Department of Corrections and Community Supervision ("DOCCS"), acting under

color of state law, intentionally assaulted Plaintiff and willfully subjected him to excessive use of

force.

3.      Plaintiff seeks monetary damages (special, compensatory, and punitive) against

Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION AND VENUE

4.     This action arises under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

5.     The jurisdiction of this Court is predicated upon 28 U.S.C. § 1331 and the doctrine of pendent jurisdiction.

6.     Venue is laid within the United States District Court for the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7.     Plaintiff JULIO NIEVES is a resident of New York.

8.     Correction Officer ("C.O.") B. JOSEPH (whose first name is unknown to Plaintiff), C.O. M. WALKER (whose first name is unknown to Plaintiff), C.O. JOHN DOE ##1-2 (whose true names are unknown to Plaintiff) and C.O. JANE DOE (whose true name is unknown to Plaintiff)  (collectively, "the defendants") were employees of DOCCS on June 14, 2015, and were acting in the capacities of agents, servants, and employees of the State, within the scope of their employment, and acting under color of state law.  The defendants were assigned to Green Haven Correctional Facility at the time of the incident alleged in this Complaint.  The defendants participated in, or witnessed and failed to intervene in, the assault of Plaintiff, and are sued in their individual capacities.

9.     At all times here mentioned the defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

## FACTUAL ALLEGATIONS

10.   On June 14, 2015, Plaintiff Julio Nieves was a sentenced prisoner in the custody of DOCCS at Green Haven Correctional Facility.

11.   Officers Joseph and Walker, who are usually assigned to Sing Sing Correctional Facility in Ossining, NY, were assigned to Green Haven as part of a Correctional Emergency Response Team (CERT).

12.   As part of their duties at Green Haven, Officers Joseph and Walker conducted searches of prisoners' cells.

13.   The defendants approached Plaintiff's cell on F Block at approximately 1:15 P.M.

14.   C.O. Joseph entered Plaintiff's cell and instructed Plaintiff to remove his shirt.  Mr. Nieves complied.

15.   Under his shirt, Plaintiff was wearing Santeria beads.[1]  C.O. Joseph instructed Plaintiff to remove the Santeria beads and give the beads to him.

16.   Plaintiff said that, in accordance with his religion, he could not give the beads to the officer.  However, he offered to take off the beads and place them on his shrine.

17.   C.O. Joseph became irate and punched Mr. Nieves in the face.

18.   Mr. Nieves did nothing to provoke C.O. Joseph.

19.   The other officers – including C.O. Walker and the John and Jane Doe Officers – grabbed Mr. Nieves and pushed him to the ground.

20.   As Plaintiff was lying on his stomach on the floor, the defendants kicked him in the face, torso, and right shoulder.  This caused Plaintiff to suffer tremendous pain.

---

[1] As then-Judge Sonia Sotomayor explained in *Campos v. Coughlin*, Santeria is "a religion practiced in Puerto Rico, Cuba and other parts of Latin America and the Caribbean, as well as parts of the United States, including New York."  854 F. Supp. 194, 198 (S.D.N.Y. 1994).  "[C]ommitment to Santeria is expressed, in part, by the follower's wearing of a necklace of colored beads. . ." *Id*. at 201.

21.    After the assault, the officers picked up Mr. Nieves and took him to the medical clinic.

22.    Plaintiff was treated for injuries to his face, shoulder, and torso.  He was diagnosed with abrasions, a fractured rib, and a partial dislocation of the acromioclavicular (AC) joint.

23.    C.O. Joseph and C.O. Walker falsely charged Plaintiff with an infraction.  The officers fabricated evidence against Mr. Nieves and gave false testimony against him, which caused Plaintiff to be confined to the Segregated Housing Unit (SHU) and keeplock, and to lose important privileges such as his packages, commissary, and use of phones.

24.    At all times during the events described above, the defendants were engaged in a joint venture and formed an agreement to violate Plaintiff's rights.  The officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

25.    During all of the events above described, the defendants acted maliciously and with intent to injure Plaintiff.

## **DAMAGES**

26.    As a direct and proximate result of the acts of the defendants, Plaintiff suffered the following injuries and damages:

  a.   Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

  b.   Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

  c.   Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

  d.   Physical pain and suffering;

e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, fright, horror, grief, shame, depression, loss of sleep, and increased levels of anxiety; and

f. Deprivation of his liberty.

**FIRST CAUSE OF ACTION**
42 U.S.C. § 1983

27. The above paragraphs are here incorporated by reference.

28. By punching, pushing, and kicking Plaintiff without provocation and with no penological purpose, and by then falsely charging Plaintiff with an infraction and fabricating evidence against Plaintiff, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, the defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

29. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained severe injuries.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:        April 2, 2018
              Brooklyn, New York

                                        Respectfully yours,

                                        Amy E. Robinson, Esq.
                                        Stoll, Glickman & Bellina, LLP
TO:      Correction Officer B. Joseph          300 Cadman Plaza West, 12th Floor
         Correction Officer M. Walker          Brooklyn, NY 11201
         Sing Sing Correctional Facility       (718) 852-3710
         354 Hunter Street                     arobinson@stollglickman.com
         Ossining NY 10562                     *Attorney for Plaintiff*