sUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                                    :
JULIO NIEVES,                                                       :
                                                                    :      **STIPULATION OF**
                                          Plaintiff,                :      **SETTLEMENT, GENERAL**
                                                                    :      **RELEASE, AND ORDER OF**
                   - against -                                      :      **DISMISSAL WITH**
                                                                    :      **PREJUDICE**
CORRECTION OFFICER B. JOSEPH;                                       :
CORRECTION OFFICER M. WALKER (Shield                                :      Index No. 18 Civ. 2906 (RA)
1355),                                                              :
                                                                    :
                                          Defendants.               :
                                                                    :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

This STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF
DISMISSAL ("Stipulation of Settlement") is made by and between Plaintiff JULIO NIEVES
("Plaintiff") and Defendants Bermann Joseph and Mark Walker (collectively, "Defendants"):

WHEREAS, Plaintiff commenced this action by filing a complaint on or about April 2, 2018
(the "Complaint"), in this Court, Case Number 18 Civ. 2906, against defendants Bermann Joseph
and Mark Walker, in the above-captioned action ("the Action"), alleging that defendants violated
Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment,
violated Plaintiff's right to be free from unreasonable searches and seizures under the Fourth
Amendment, and violated Plaintiff's right to Due Process of Law under the Fourteenth Amendment;

WHEREAS, Defendants, whether in their individual or official capacities, expressly deny
any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or
law in this matter whatsoever; and

WHEREAS, the entry of this Final Order fully resolves the claims alleged in the Complaint
in the Action, without further litigation or proceedings and without admission of fault or liability

and the parties have negotiated in good faith for that purpose; and

WHEREAS, neither Plaintiff nor any of the Defendants is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Stipulation of Settlement has an interest in the subject matter of the Action; and

WHEREAS, Plaintiff represents and warrants that, other than this Action, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit; and

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation of Settlement, Plaintiff and Defendants hereby agree as follows:

1. **Dismissal of the Action With Prejudice**

The Action, and all claims asserted therein are dismissed with prejudice against all Defendants pursuant to Fed. R. Civ. P. 41(a) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 below.

2. **Payment to Plaintiff and Plaintiff's Attorneys**

In full consideration of Plaintiff's execution of this Stipulation of Settlement, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Defendants shall pay the gross amount of Fifteen Thousand Dollars ($15,000), in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendants, whether in their individual or official capacities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Stipulation of Settlement, including but not limited to those asserted in

2

the Action, including any attorney's fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

a.      The State of New York, on behalf of the Defendants, shall pay to Plaintiff the sum of Fifteen Thousand Dollars ($15,000), for which an I.R.S. Form 1099 shall be issued, in full satisfaction and complete satisfaction of any and all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages) incurred by Plaintiff that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including but not limited to any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.  This payment is further issued in full and complete satisfaction of any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

b.      The foregoing payment shall be made in the form of two checks: (1) Five thousand five hundred forty dollars ($5,540.00) shall be made payable to Leo Glickman, Esq., and mailed to: Stoll, Glickman & Bellina, LLP, 5030 Broadway, Ste. 652, New York, NY 10034; (2)  Nine thousand four hundred sixty dollars ($9,460.00) shall be made payable to Julio Nieves and

3

forwarded to plaintiff at his New York State Department of Corrections and Community Supervision correctional facility for deposit in his inmate facility/departmental account.

     3.    **State Approval of Payments**

Payment of the settlement amount specified in Paragraph 2 of this Stipulation of Settlement is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17.  Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.  The provisions of Chapter 62 of the Laws of 2001 as amended (a/k/a "The Son of Sam Law," relating to crime victims, funds of convicted persons and the New York State Office of Victims Services), including but not limited to Section §632-a of the Executive Law and Subsection 12-g of §8 of the New York State Finance Law, may be applicable to the payment by State Defendants hereunder.

     4.    **Accrual of Interest**

In the event that payment of the settlement amount paid to Plaintiff, as specified in Paragraph 2 of this Stipulation of Settlement, has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Stipulation of Settlement entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Stipulation of Settlement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day, unless the provisions of Executive Law Section 632-a apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30)

days with respect to the first check to allow for compliance with that law.

5.      **Liability of Plaintiff and Plaintiff's Attorneys for Taxes**

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Stipulation of Settlement shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, for their respective settlement amounts, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Defendants, the Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties.  Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants, the New York Start Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

6.      **Liability of Plaintiff and Plaintiff's Attorneys for Liens and Setoffs**

Plaintiff and Plaintiff's attorneys agree that neither Defendants, the New York State Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 2 of this Stipulation of Settlement. Plaintiff and Plaintiff's attorneys shall have no claim, right, or cause of action against Defendants, the New York State Department of

Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens.  Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants, the New York State Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

7.     **Medicare Certification**

Plaintiff and Plaintiff's attorneys acknowledge and understand that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit A, to the OAG.  Plaintiff and Plaintiff's attorneys acknowledge and understand that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amount specified in Paragraph 2 of this Stipulation of Settlement, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Stipulation of Settlement.

8.     **Liability of Plaintiff for Any Medicare Payments and/or Liens**

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the New York State Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past

and/or future Medicare payments presently known or unknown in connection with the Action.  If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or the New York State Department of Corrections and Community Supervision and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Stipulation of Settlement.   Upon receipt of all required documentation under Paragraphs 3, 4, and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

9.    **General Release**

In consideration of the payment of the sum recited in Paragraph 2 above, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges each of the Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and the New York State Department of Corrections and Community Supervision, and all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to

7

and including the date of this Stipulation of Settlement, including but not limited to: (a) any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint in this Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's association with any of the Released Parties or the terms and conditions of his association with any of the Released Parties, including but not limited to, his incarceration in the New York State Department of Corrections and Community Supervision system; (c) any and all other claims, whether for damages (including but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of contract, negligence, estoppel, defamation, infliction of emotional distress, violation of public policy, or any other tort, or any claim for costs, fees, or other expenses including attorneys' fees, or any other claims under federal, state, or local law relating to plaintiff's incarceration in the New York State Department of Corrections and Community Supervision system. Plaintiff also waives and releases any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Stipulation of Settlement.

### 10. No Other Action or Proceeding Commenced

Other than the Action, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendants, the New York State Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a

member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Agreement.

11.     **No Other Attorneys**

Plaintiff and the undersigned attorneys for Plaintiff represent and warrant that there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 and 475-a or any other state or federal law, statute, contract or otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.  Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the New York State Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

12.     **No Prevailing Party**

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

13.     **Successors and Assigns**

The terms and conditions of this Stipulation of Settlement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

14.     **Authority**

Each signatory to this Stipulation of Settlement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Stipulation of Settlement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation of Settlement.

15.     **Voluntary Agreement**

The parties hereto execute and deliver this Stipulation of Settlement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that they understand its terms, contents and effect.  The parties hereto acknowledge that they are aware, and are advised, of their right to seek the advice of an attorney and that they have been represented by counsel of their own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

16.     **No Admission of Liability**

It is understood and agreed that any action taken or payments made pursuant to this Stipulation of Settlement are made solely to avoid the burdens and expense of protracted litigation, and that this Stipulation of Settlement and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action.  Nothing contained in this Stipulation of Settlement shall be deemed to constitute a policy, practice, or custom of the New York State Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

10

17.     **No Precedential Value**

This Agreement shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value.  In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind or collaterally estop Defendants, the New York State Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

18.     **Entire Agreement**

This Stipulation of Settlement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Stipulation of Settlement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

19.     **Governing Law**

The terms of this Stipulation of Settlement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Stipulation of Settlement.

20.    **Severability**

With the exception of Paragraphs 1, 2, 3, 7, 9, 10, and 12 of this Stipulation of Settlement, if any other provision of this Stipulation of Settlement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

21.    **Headings**

The headings contained in this Stipulation of Settlement are for convenience of reference only and are not a material part of this Stipulation of Settlement.

22.    **Execution**

This Stipulation of Settlement may be executed in any number of counterparts, each of which shall be deemed an original and all of which taken together shall constitute one Stipulation of Settlement, and may be executed by facsimile or PDF signature and facsimile notary seal.

23.    **Authority to Sign the Stipulation of Settlement**

The parties and the signatories to this Stipulation of Settlement represent and warrant that the signatories executing this Stipulation of Settlement on behalf of each party have full authority to do so and to make the representation, warranties, and agreements contained herein.

24.    **Submission to the Court**

Upon signatures by all parties and counsel for all parties, this Stipulation of Settlement shall be submitted without further notice to the Court to be "So Ordered."

12

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Stipulation of Settlement and accept and agree to the provisions contained herein, and have each executed this Stipulation of Settlement to be effective on the day and date indicated below.

Dated: Westchester County, New York
     _Sept 30_   , 2021

                        **LETITIA JAMES**
                        Attorney General
                        State of New York
                        *Attorney for Defendants*

                        *John R. Doran*
                        John R. Doran
                        Assistant Attorney General
                        28 Liberty Street
                        New York, NY 10005
                        (212) 416-8591

Dated: New York, New York
       September 8, 2021

                        Stoll, Glickman & Bellina, LLP
                        300 Cadman Plaza West, 12th Floor
                        Brooklyn, NY 11201
                        *Attorney for Plaintiff*

                        Leo Glickman
                        Leo Glickman, Esq.

13

Dated:  Auburn, New York
_____, 2021

_____
Plaintiff

*Julio Nieves*
Julio Nieves

### ACKNOWLEDGMENT

On the 30 day of September, 2021, before me came, Plaintiff, Julio Nieves,

known to me or proved to me on the basis of satisfactory evidence to be the person whose name is

subscribed on the within instrument, and acknowledged to me that he executed the same.

_____
Notary Public

**SO ORDERED:**

Dated:  New York, New York
_____, 2021

Brian Hembrook
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01HE6342568
Qualified in Erie County
Commission Expires 05/31/2024

_____
U.S.D.J.

14

# EXHIBIT



*Rev Mar 2018*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JULIO NIEVES,                                        :
                                                     :        18 Civ. 2906 (RA)
                              Plaintiff,             :
                                                     :        **AFFIDAVIT OF STATUS OF**
              - against -                            :        **MEDICARE ELIGIBILITY**
                                                     :
CORRECTION OFFICER B. JOSEPH;                        :
CORRECTION OFFICER M. WALKER (Shield                 ::
1355),                                               :
                                                     :
                              Defendants.            :
-------------------------------------------------------------- X

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF SULLIVAN     )

        JULIO NIEVES, being duly sworn, deposes and says:

1.      I am the plaintiff in the above-entitled action, I am a citizen of _____,

I reside at _____

and my telephone number is _____.

2.      I make this affidavit with full knowledge that it will be relied upon by the State of New

York, its agents, employees and representatives ("OAG") in connection with the settlement of

this action against BERMANN JOSEPH and MARK WALKER and specifically as it relates to

OAG's obligations to comply with the reporting requirements of Section 111 of the Medicare,

Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer

Act ("MSP").

3.      I understand that a query has been / will be made pursuant to Section 111 of the

Medicare, Medicaid and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify my

current Medicare status.

4.      I hereby acknowledge and understand that, as mandated by CMS and promulgated by and through its rules and regulations including but not limited to the MMSEA and/or MSP, I am required to:

      a.      reimburse Medicare from the judgment/settlement herein for *conditional payments* Medicare has made for treatment of injuries alleged in this action; and

      b.      utilize the judgment/settlement proceeds to pay for future medical expenses, when those expenses are for care or treatment related to the injuries covered by the allegations in this litigation.

5.      I further acknowledge that the information provided herein will be relied upon by defendants and OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 or as deemed necessary or required by the defendant and OAG.

6.      I hereby agree to promptly provide OAG with any and all information that OAG deems necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

### PEDIGREE INFORMATION

7.       I have been known by (include all alias name[s], former name[s] and/or maiden name[s]) the following names: _____.

I hereby acknowledge that I can be identified by this/these name(s) and all these names do, indeed, refer to me.

8.      I consent to allow OAG to verify my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

9.      I affirm that:

      a.      my social security number is _____;
      b.      my date of birth is _____; and
      c.      my gender is male.

2

## CURRENT MEDICARE ELIGIBILITY
*✒ Initial and affirm applicable current Medicare eligibility status ✒*

10.    As of the date of this affidavit:

    a.      ✒_____     I am not currently eligible for Medicare coverage and/or benefits nor have I ever received Medicare coverage and/or benefits;

### OR

    b.      ✒_____     I am a Medicare Beneficiary, and my Medicare number [HIC #] is _____.  I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans or Medi-Gap Plans and collectively referred to as "Medicare") for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this personal injury action.  I understand that reimbursement directly to Medicare may be made from proceeds I receive from the [judgment/settlement] of this personal injury action; and

        i.      ✒_____     Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. ***(Attach copy of Medicare's Conditional Payment letter and/or Final Demand Letter)***; or

        ii.     ✒_____     Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. ***(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)***.  In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

        iii.     ✒_____     I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare.  Upon my receipt of the necessary documentation, I will promptly provide it to [assigned AAG] and to OAG's Medicare Compliance Officer via email at Medicare.Compliance@ag.ny.gov.  I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the [judgment/settlement] in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter).  In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter (referred to, respectively, as Medicare's Letter), I consent to the payment , directly from the total proceeds of the judgment in/settlement of the above-captioned litigation, of the sum stated in Medicare's Letter as the sum that

3

Medicare will accept as full and final reimbursement of all Medicare payments made to date.

## FUTURE MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable future Medicare eligibility status ✎*

11.   As of the date of this affidavit:

a.   ✎_____   I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the [judgment/settlement] of the above-captioned litigation.  I affirm that I:
  i.    I have not applied for social security disability (SSDI);
  ii.   have not been denied SSDI and anticipating appealing that decision;
  iii.  am not in the process of appealing or re-filing for SSDI;
  iv.  am not 62.5 years or older; and
  v.   do not have End Stage Renal Disease (a qualifying condition for Medicare);

## OR

b.   ✎_____   I am not current a Medicare Beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the [judgment/settlement] of the above-captioned litigation and

  i.    ✎_____   I do not require any future treatment for injuries that are the subject of this personal injury action.  The required certification(s) for the injuries alleged in the *[complaint/claim/bill of particulars – **specify all applicable documents**]* is attached.  The attached certification confirms that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

  ii.   ✎_____   I do require future treatment for the injuries that are the subject of this personal injury action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medical expenses relating to the injuries of this personal injury action; or

  iii.  ✎_____   I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

**OR**

c.   ✎_____   I am currently a Medicare Beneficiary and

    i.   ✎_____   I do not require any future treatment for injuries that are the subject of this personal injury action.  The required certification(s) for the injuries alleged in the *[complaint/claim/bill of particulars – **specify all applicable documents**]* is attached.  The attached certification confirms that no anticipated future treatment is required for the injuries that are the subject of this personal injury action; or

    ii.   ✎_____   I do require future treatment for the injuries that are the subject of this personal injury action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medical expenses relating to the injuries that are the subject of this personal injury action; or

    iii.   ✎_____   I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

 

_____
Julio Nieves

Sworn to before me this
_____ day of _____, 20__.

_____
NOTARY PUBLIC